# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHERRY LOGISTICS CORPORATION, | ) | Chapter 7 |
| | ) | Case No. 17-22532 |
| Debtor. | ) | |
| | ) | Honorable Janet S. Baer |
| _____ | ) | (Geneva) |
| FRANK J. KOKOSZKA, CHAPTER 7 TRUSTEE, | ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| ELGIN SWEEPING SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND FOR RELATED RELIEF

Plaintiff, Frank J. Kokoszka, not individually but solely as Chapter 7 Trustee (the "Plaintiff") of the bankruptcy estate of Cherry Logistics Corporation, (the "Debtor"), by and through his undersigned counsel Springer Brown, LLC, and pursuant to 11 U.S.C. §§547, 502 and 550, and Fed. R. Bankr. P. 7001(1), brings this adversary proceeding to avoid and recover certain preferential transfers made to Elgin Sweeping Services, Inc. (the "Defendant"), and respectfully alleges as follows:

### INTRODUCTION

1. This is an adversary proceeding to avoid and recover certain transfers made by the Debtor prior to the commencement of the Debtor's bankruptcy case. Specifically, the Plaintiff seeks the entry of a judgment against the Defendant: (a) avoiding certain transfers pursuant to 11 U.S.C. § 547(b); and (b) directing the Defendant to pay an amount to be determined at trial that

is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a). Furthermore, the Plaintiff seeks (c) to disallow any and all claims of the Defendant against the Debtor's estate pursuant to 11 U.S.C. § 502(d) so long as the Defendant fails to pay or surrender to the Plaintiff the value of the avoidable transfers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

3. This adversary proceeding constitutes a core proceeding within the meaning of one or more subsections of 28 U.S.C. § 157(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

5. On July 28, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

6. Frank J. Kokoszka was appointed as Chapter 7 Trustee and continues to serve in that capacity.

7. The name of the Defendant is Elgin Sweeping Services, Inc.

## GENERAL BACKGROUND

8. During the 90-day period preceding the Petition Date, the Defendant received payments from the Debtor in an aggregate amount of not less than $25,176.10 (the "Transfer(s)"). A schedule of the Transfer(s), including the date of each particular Transfer and the amount of each particular Transfer, is attached hereto as *Exhibit A*.

9. The Trustee previously sent a letter making a demand upon Defendant to return the value of the Transfers. To date, the Defendant has not paid or surrendered to the Plaintiff the value of the Transfers.

## COUNT I

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

10. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 9 above, as if fully restated herein.

11. The Transfer(s) were made by the Debtor, to or for the benefit of the Defendant. At the time each of the Transfer(s) was made, the Defendant was a creditor of the Debtor.

12. The Transfer(s) were made on account of an antecedent debt owed to Defendant by the Debtor before such Transfer(s) were made.

13. Upon information and belief, the Defendant had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtor or on behalf of the Debtor, on account of which the Transfer(s) were made.

14. The Defendant was the initial transferee of the Transfer(s) or the entity whose benefit the Transfer(s) were made.

15. The Debtor is presumed to have been insolvent at the time of the Transfer(s) pursuant to 11 U.S.C. § 547(f).

16. At the time that each of the Transfer(s) was made, the sum of the Debtor's debts exceeded the sum of its assets at a fair valuation, or the Debtor was unable to pay its debts as they came due.

17. The Transfer(s) enabled the Defendant to receive more on account of antecedent debts owed by the Debtor than the Defendant would have received if, as of the date of each such Transfer, the Debtor had commenced a case under Chapter 7 of the Bankruptcy Code, each

particular Transfer had not been made, and the Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

18. By reason of the foregoing, the Transfer(s) are avoidable pursuant to 11 U.S.C. § 547(b).

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against the Defendant on Count I as follows: (i) declaring that the Transfer(s) are avoidable transfers pursuant to 11 U.S.C. § 547(b); and (ii) granting such other and further relief as the Court deems just and equitable.

## COUNT II
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

19. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 18 above, as if fully restated herein.

20. The Defendant was the initial transferee of the Transfer(s).

21. The value of the Transfer(s), to the extent they are avoided pursuant to 11 U.S.C. § 547, may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against the Defendant on Count II as follows: (i) declaring that the Plaintiff may recover the Transfer(s) from the Defendant pursuant to 11 U.S.C. § 550; (ii) ordering the Defendant to pay to the Plaintiff the value of the aggregate amount of the avoidable transfers in an amount not less than $25,176.10, plus all interest, costs and fees to the extent permitted by applicable law; and (iii) granting such other and further relief as the Court deems just and equitable.

## COUNT III

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

22. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 21 hereof, as if fully restated herein.

23. As a result of one or more of the Transfer(s), the Defendant is the transferee of transfers that are avoidable under 11 U.S.C. § 547, and the Plaintiff may recover property from the Defendant under 11 U.S.C. § 550.

24. To the extent that the Defendant fails to repay the avoidable Transfer(s), and the Transfer(s) are held to be avoidable under 11 U.S.C. § 547 and recoverable under 11 U.S.C. § 550, any claim of the Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d).

25. The Defendant has not paid or surrendered to the Plaintiff the value of the Transfer(s), and, therefore, any claim that the Defendant files in this case must be disallowed.

WHEREFORE, the Plaintiff requests that this Court enter judgment in his favor and against the Defendant on Count III as follows: (i) disallowing any and all claims of the Defendant against the Debtor's estates in this case pursuant to 11 U.S.C. §502(d); and (ii) granting such other and further relief as the Court deems just and equitable.

    Respectfully submitted,

    Frank J. Kokoszka, not individually,
    But as Chapter 7 Trustee

Dated: May 3, 2019    By: */s/ Joshua D. Greene /s/*
    One of his attorneys

Joshua D. Greene
Thomas E Springer
Springer Brown, LLC
300 South County Farm Road, Suite I
Wheaton, IL 60187
630.510.0000
jgreene@springerbrown.com